**STATE ex rel. Elizabeth B. HERBERT et al., Relators-Appellants,**

v.

**Mrs. James H. DOWNEY et al., Respondents-Appellees.**

No. 60714.

Supreme Court of Missouri, En Banc.

Nov. 6, 1978.

Thomas D. Carver, Joplin, Jerome J. Duff, James E. Heckel, Michael J. Gorla, St. Louis, for appellants.

Albert H. Hamel, Clayton, for respondents.

FINCH, Judge.

Relators, teachers in the Parkway School District of St. Louis County, brought this action in mandamus against members of the board of education of said district (hereinafter called respondents) to compel the board to pay to teachers compensation over and above that called for in their contracts because of alleged failure of the board to expend the proper amount of minimum guarantee funds allocated by the State Department of Education for the 1974–75 year.[1] The petition alleged failure to com-

---

1. Relators sought to bring this suit as a class action, alleging the existence of those prerequisites specified in Rule 52.08(a), V.A.M.R. No pre-trial hearing was held and no notices were given to members of the class pursuant to Rule 52.08(c)(2). In its findings of fact at the conclusion of the evidence, the court found that the requirements enumerated in Rule 52.08(a) were present. However, that was not sufficient to justify a class action. See State ex rel. Niess v. Junkins, 572 S.W.2d 468 (Mo. banc 1978), decided concurrently. The action is maintainable by individual relators on their own behalf, and on behalf of the teachers' association pursuant to Rule 52.10 which governs actions relating to unincorporated associations.

ply with the provisions of § 163.031(9).[2] After a hearing the trial court denied additional recovery to relators, quashing its previously issued alternative writ of mandamus. The case was transferred to this court by the Missouri Court of Appeals, St. Louis District, for the reason that construction of the revenue laws of the state is involved. We have jurisdiction. Mo.Const., art. V, § 3. We affirm.

This case involves the issue of what constitutes compliance with the requirement in § 163.031(9) that at least eighty percent of minimum guarantee funds received pursuant to that section be spent for teachers' salaries that year. This is the same issue presented and resolved in *State ex rel. Niess v. Junkins*, 572 S.W.2d 468 (Mo. banc 1978), decided concurrently. Parkway School District received $6,794,461 in minimum guarantee state aid in 1974–75 of which eighty percent or $5,435,569 was deposited in the district's teachers' fund. The district was required to spend the latter amount, plus at least $8,133,114 from local tax revenues (this being the sum so expended from that source for teachers' salaries during 1973–74), or a total of $13,568,683. In fact, the district spent $15,804,208 on teachers' salaries in 1974–75, of which $9,563,213 was from local tax revenues. Even so, relators contend that Parkway did not disburse the May installment of $1,481,591 for teachers' salaries during 1974–75 and should be required to do so.

Mr. Clarence O. McDonald, director of school finances of the Missouri Department of Elementary and Secondary Education, testified that based on the State Board of Education's procedure for assessing compliance with § 163.031(9), Parkway complied with the requirements of that section. Respondents' Exhibit C, identified by Mr. McDonald, explains the procedure for determining compliance thus:

"Annually, the School Finance and Statistics Section of the Department examines the financial reports of each school district to determine if the requirements of Paragraph 9, Section 163.031, have been met. If the reports reveal that at least 80% of the amount received under the Minimum Guarantee portion of the State Foundation Program is deposited in the Teachers Fund and the total disbursements for teachers' salaries exceed this amount, a district is considered to be in compliance with that portion of the statute. Money cannot be transferred from the Teachers Fund and must be used for teachers' salaries." [3]

Mr. McDonald further testified that in testing compliance with § 163.031(9), his office personnel first determine whether eighty percent of state minimum guarantee funds have been placed in the teachers' fund. When that has been established, they calculate gross disbursements for salaries from the teachers' fund. If gross disbursements exceed the eighty percent of state moneys placed in the account, the district is deemed to have complied with the eighty percent requirement of § 163.031(9). The second step in testing compliance requires a determination whether the district has spent local tax revenues on teachers' salaries in an amount which equals or exceeds expenditures from that source for the preceding year. That is not in issue in this case.

Relators argue that a FIFO (first in, first out) method of accounting, rather than that employed by the State Board of Education and the school district, must be utilized. They point out that the balance on hand in the teachers' fund on April 30, 1975, was $5,557,804. This, they say, was more than ample to cover expenditures for salaries of $1,306,468 in May and $3,563,163 in June. The final installment of state aid was received on May 29 or 30, 1975, and $1,481,591 thereof was placed in the teachers' fund. It is relators' contention that none of this amount was expended for teachers' salaries

2. All statutory references are to RSMo 1969 unless otherwise indicated.

3. The report then goes on to explain the method of testing compliance with the requirement that local tax revenue to at least the extent of

the amount thereof expended during the preceding year also must be expended for teachers' salaries. Since that issue is not raised, the explanation is omitted.

during 1974–75 as required by § 163.031(9), but that instead it was a part of the unexpended balance in the account at the end of the year on June 30, 1975.

As we pointed out in *State ex rel. Niess v. Junkins, supra,* we do not interpret § 163.031(9) to require that the district operate on a FIFO basis. The district did expend at least eighty percent of minimum guarantee funds for teachers' salaries and is not obligated to pay additional wages to teachers for the 1974–75 year.

Judgment affirmed.

MORGAN, C. J., BARDGETT, DONNELLY, RENDLEN and SEILER, JJ., and SIMEONE, Special Judge, concur.